IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                           PLAINTIFF/RESPONDENT

V.          No. 2:08-CR-20050
            No. 2:14-CV-02160

JAMIE ALEXANDER                                                         DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 30) filed Jule 17, 2014. The court did not Order any Response from the government.

### I. Background

The Petitioner was originally charged in a four court indictment in August 2008 with three counts of distribution of methamphetamine in Counts I, II, and II, and one court of Possession with Intent to Distribute Methamphetamine in Count IV. (ECF No. 1). The Defendant entered a Plea of Guilty in October 2008 to one count of deliver in Court III and the remaining counts were to be dismissed. (ECF No. 12). Judgement was entered in March 2009 sentencing the Defendant to 150 months and assessed a fine of $2,500 on Count III and the remaining counts were dismissed. (ECF No. 17).

The Petitioner filed a Motion to Reduce Sentence (ECF No. 18) in August 2009 which was denied by the court in August 2009. (ECF No. 21). Petitioner filed a Motion to Modify or Suspend Restitution (ECF No. 22) in February 2010 which was denied in March 2010. (ECF No. 27). The Government, however, acknowledged Satisfaction of Judgment (ECF No. 28) in July

2013.

The Petitioner filed the current Motion to Vacate (ECF No. 30) on July 17, 2014 claiming as follows:

> Ground One- Incorrect Sentencing, Wrongly Applied Career Offense Category:  Due Process violation increasing sentence due to erroneously found "career offender" category.  Not Given Credit for "Safety Valve" for responsibility equal 4 points.
>
> Ground Two-Plea Agreement, Builty (Guilty) Plea Error Ineffective Assistance of Counsel; Counsel ineffective did not warn that accepting plea agreement for 5 years imprisonment could be increased.  Would not have accepted plea agreement if had been warned of increase of sentence to 150 months.
>
> Ground Three-Intervening Changes in Supreme Court Laws and Rights, and Sentencing Changes:
>
> Ground Four-Ineffective Assistance of Counsel at Sentencing and PSR errors:  Ineffective Assistance of Counsel  never objected to PSR, never investigated pre-sentencing to determine validity of increased sentence and career offender designation.

The Petitioner's claim are time barred, therefore her substantive claims are not addressed.

## II.  Discussion

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In this case the Petitioner was sentenced on March 12, 2009 (ECF No. 17) and her judgment became final in March 2009.  The Petition was filed more than five years after the judgment became final and well beyond the statutory time.  The Petitioner argues that her Petition should not be time barred because of a "newly recognized right" and cites *Alleyne v. U.S.* (ECF No. 30, p. 12). The Petitioner did not file any brief with her petition and she does not state how Alleyne is applicable in her case.

In *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held "**other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Alleyne,* 133 S.Ct. 2151 at 2155 (2013), the Supreme Court extended *Apprendi* and held any fact which increases the **mandatory minimum** sentence to which a defendant is exposed is an "element" of the crime and must be submitted to the jury. *See U.S. v. Davis* 2014 WL 2609715 (C.A.8 (Mo.),2014)

While the 8th Circuit has not specifically ruled on the retroactivity of Alleyne the following circuits have specifically held that Alleyne is not retroactive: 2nd (*See U.S. v. Redd* 735 F.3d 88, 89 (C.A.2,2013); 7th (*See Simpson v. U.S.* 721 F.3d 875, 876 (C.A.7,2013)); 10th (See *In re Payne* 733 F.3d 1027, 1030 (C.A.10 (Okla.),2013); 11th (*See U.S. v. Harris* 741 F.3d 1245, 1250 (C.A.11 (Fla.),2014)).  No Circuit Court has held Alleyne to be retroactive.  Even if Alleyne was retroactive it would not be applicable to the Petitioner's case.

The Petitioner was found to be a career offender. A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG, § 4B1.1, 18 U.S.C.A. The Sentencing Guidelines further provide that "[E]xcept as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI." See  USSG, § 4B1.1

A summary of the pertinent part of the sentencing hearing is as follows:

> MR. SCHISLER:  Your Honor, the Guideline range in this case is 188 months to 235 months. On the low end, that's 15 years, eight months. And I'd ask the Court to consider a sentence of 144 months.  That's a 12-year sentence. It is a substantial variance from the low end of the range, but it's not so substantial as to be outside what would be considered a reasonable sentence.  ECF No. 20, p. 6
>
> Miss Alexander has been addicted to methamphetamine since she was 14 or 15 years old, and has used that drug pretty heavily ever since. She's only 26 years old right now, and as the Court can see from the Pre-sentence Report dealing with her criminal history, it is mostly drug related. She does have a DWI, but she started drinking about the same time that she got involved with controlled substances, so I'd still say that's basically a drug problem. She's just been emersed in the drug culture and has found it im possible to get away from it. Even though technically she is a career offender because she has the appropriate prior offenses to make her a career offender, I think it's reasonable to say that perhaps that classification overstates the seriousness of her particular offense.
>
> THE COURT: But she apparently reaches a criminal history category of six two ways. (Id., p.7)

MR. ELSER: Your Honor, I would just argue that there's really no basis for a variance in this case. I mean, this is her **third offense** involving controlled substances. She's been through -- she was under supervision when she committed this offense and at some point in time her activity in this type of dealing drugs has got to end, and we believe a sentence within the Guideline range would be appropriate. (Id., p. 11)

THE COURT: I think the Guidelines were properly computed. I am, however -- I've reviewed the factors in 3553(a). I intend to impose a sentence of 150 months custody. And I have reviewed all of those factors, but I think the Court should impose a sentence but not greater than necessary, what's necessary to comply with the purposes of that act. I think that would be a fair sentence, and here, again, I don't think anyone has any idea what the State of Arkansas will do in conclusion with the sentence.  (Id., p. 13)

You have an absolute right to appeal this sentence I've just imposed, but if you intend to appeal, your Notice of Appeal needs to be filed within 10 days. I'm also going to recommend, Miss Alexander, that you be permitted to enroll in and participate in any drug rehabilitation or aversion or treatment program the government may have... (Id., p. 16).

Apprendi holds, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348.  Apprendi specifically excepts earlier convictions from the rule.  *U.S. v. Peltier*  276 F.3d 1003, 1006 (C.A.8 (N.D.),2002).  Neither *Apprendi* nor *Alleyne* apply to the Petitioner's case and as the court noted she reached Category VI by her criminal history score alone.  The Petitioner's petition is time barred and can only be considered if she is entitled to equitable tolling.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on

time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In addition the Petitioner must show that he has been pursuing his rights diligently. (*See Muhammad v. U.S.* 735 F.3d 812, 815 (C.A.8 (Mo.),2013): The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently.)

In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).  The Petitioner has not asserted any such grounds as the basis for her failure to properly file the petition and relies solely and erroneously on the case of *Alleyne.*

## II.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The Petitioner has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  July 21, 2014.

            */s/ J. Marschewski*
            HONORABLE JAMES R. MARSCHEWSKI
            CHIEF UNITED STATES MAGISTRATE JUDGE