IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    Case No. 2:08-CR-20050

JAMIE ALEXANDER                                                                              DEFENDANT

## ORDER

Currently before the Court is Defendant Jamie Alexander's motion (Doc. 53) to reduce her sentence. No response has been filed. Alexander asks the Court to reduce her sentence based, among other things, on her post-conviction rehabilitation. Because the Court does not have authority to reduce Johnson's sentence, the motion must be denied.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). There are some exceptions to this general prohibition. Under § 3582(c)(2), the Court may reduce a sentence based on a reduction in applicable Guidelines sentencing ranges. The Court has previously addressed Alexander's motions (Docs. 35 and 44) for sentence reduction based on this authority. By order (Doc. 47) entered March, 19, 2015, the Court denied Alexander a reduction in her sentence pursuant to the recent Guidelines amendments. Alexander is not entitled to relief pursuant to the Guidelines amendment and is not entitled to bring a successive motion for such relief.

Under § 3582(c)(1)(A), the Court may reduce a term of imprisonment in limited circumstances "upon motion of the Director of the Bureau of Prisons." This provision also is inapplicable because the instant motion is filed by Alexander.

Finally, under § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment

1

to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 grants the Court limited post-conviction authority to reduce sentences for substantial assistance, or to correct a clerical error within 14 days after sentencing. Neither of the Rule 35 provisions apply here, so the Court may only modify Alexander's sentence if expressly permitted by statute. Alexander cites to no statute—and the Court is not otherwise aware of any—that would give the Court authority to reduce Alexander's sentence in this case.

  IT IS THEREFORE ORDERED that Defendant Jamie Alexander's motion (Doc. 53) to reduce her sentence is DENIED.

  IT IS SO ORDERED this 6th day of April, 2016.

                  /s/ P. K. Holmes, III
                  P.K. HOLMES, III
                  CHIEF U.S. DISTRICT JUDGE